IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EVERETT MARITIME, LLC, | ) | Case No. 09-18224 |
| | ) | Judge Sonderby |
| Debtor/Debtor-in-Possession. | ) | |

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on **August** 24, 2011 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Susan Pierson Sonderby, Bankruptcy Judge, in the room usually occupied by her as courtroom 642 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the **Motion For Allowance of Final Compensation And Reimbursement of Expenses to Debtor's Counsel**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch_____
Crane, Heyman, Simon, Welch & Clar
l35 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(3l2) 64l-6777

## CERTIFICATE OF SERVICE

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) |
| COUNTY OF COOK | ) |

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 26th day of July, 2011.

/s/David K. Welch_____

SERVICE LIST

United States Trustee *
Dirksen Federal Court House
219 S. Dearborn St.
Suite 873
Chicago, IL 60604

Harley J. Goldstein, Esq. *
Matthew E. McClintock, Esq.
K&L Gates LLP
70 West Madison St., Suite 3100
Chicago, IL 60602

Patrick F. Hussey *
Anderson Hunter Law Firm P.S.
2707 Colby Ave., Suite 1001
Everett, WA 98201

Thomas J. Magill, Esq. *
Lauren N. Nachinson, Esq.
Quarles & Brady LLP
300 North LaSalle St., Suite 4000
Chicago, IL 60654

Craig E. Reimer, Esq. *
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

Richard M. Kremen, Esq. *
DLA Piper LLP (US)
The Marbury Building
6225 Smith Ave.
Baltimore, Maryland 21209-3600

Scott Semenek *
Baker & Daniels
311 South Wacker Dr.
Suite 4400
Chicago, IL 60606

Ira P. Goldberg*
DiMonte & Lizak LLC
216 Higgins Rd.
Park Ridge, IL 60068

Robert B. Katz*
Law Offices of Robert B. Katz
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604

Albert Meers
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, IL 60611

Anderson Hunter Law Firm P.S.
Attn: Bradford Cattle
2707 Colby  Ave., Suite 1001
Everett, WA 98201

AWA Electrical Consultant
190015 36th Avenue W.
Suite E
Lynnwood, WA 98036

Barclay Dean
PO Box 3827
Bellevue, WA 98009

Broadacre Mgmt. Co.
505 E. Illinois Street
Suite One
Chicago, IL 60611

Carmel & Carmel PC
Attn: Frank Carmel
5301 Wisconsin Ave. NW, Suite 570
Washington, DC 20115-2061

CJBS
Attn: Jacques Preis
108 Wilmot Road, Suite 330
Deerfield, IL 60015

Clifton Gunderson LLP
Attn: David North
301 SW Adams St., #900, POB 1835
Peoria, IL 61656

Company 39
Attn: Andrea Barry
1660 Lincoln St., Suite 2400
Denver, CO 80264

Cushman Wakefield
1420 Fifth Ave. #2900
Seattle, WA 98101

David Evans & Associates
1620 W. Marine View Dr., Ste. 200
Everett, WA 98201

Deborah McDowell
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, IL 60611

DLA Piper US LLP
Attn: Dennis Wilson
203 N. LaSalle St., Suite 1800
Chicago, IL 60601

Don Fleming
1729 Center St.
Walla Walla, WA 99362

Fidel L. Lopez
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, IL 60611

Fikso Kretschmer Smith
Attn: Matthew Smith
2025 First Ave., Ste. 1130
Seattle, WA 98121

Flat Iron Capital
950 17th Street
Denver, CO 80202

Foster Pepper
Attn: Gary Ackerman
1111 Third Ave., Suite 3400
Seattle, WA 98101

Francis Freeman
1427 W. Henderson St.
Chicago, IL 60657

GGLO
Attn: Alan Grainger
1310 First Ave., Suite 301
Seattle, WA 98101

Glumac
1325 Fourth Ave.
Suite 1515
Seattle, WA 98101

Greenbusch Group Inc.
1900 West Nickerson St.
Suite 201
Seattle, WA 98119

Hendricks and Lewis
999 Third Ave.
Suite 2675
Seattle, WA 98104

Hoffman Construction Co.
Attn: Thomas Petersen
1505 Westlake Ave., North, Ste 500
Seattle, WA 98109

Kosnick Engineering
Attn: Dan Kosnick
16300 Mill Creek Blvd., Suite G-2
Mill Creek, WA 98012

Landau Associates
Attn: Larry Beard
130 2nd Ave. South
Edmonds, WA 98020

Maritime Trust, Inc.
c/o Broadacre MGMT. Co.
505 E. Illinois St., Suite one
Chicago, IL 60611

McCullough Hill PS
Attn: Jack McCullough
701 Fifth Ave., Suite 7220
Seattle, WA 98104

Melissa J. Copley
1427 W. Henderson St.
Chicago, IL 60657

Methodologie
Attn: Janet DeDonato
720 Third Ave., Ste. 800
Seattle, WA 98104

Mithun
Pier 56, 1201 Alaskan Way
Seattle, WA 98101

Morrison Hershfield
10900 NE 8th St.
Suite 810
Bellevue, WA 98004

Northside Community Bank
Attn: James Sefton
5103 Washington St.
Gurnee, IL 60031

Olympic Reprographics
2730 Occidental Ave. South
Seattle, WA 98134

OnShore Networks, LLC
Attn: Setl Valavanis
1407 West Chicago Ave.
Chicago, IL 60622

Parson Brinckerfhoff Inc.
PB Americas Inc.
PO Box 51615
Los Angeles, CA 90051-5915

Port of Everett
2911 Bond St., Suite 202
Everett, WA 98206

RDS Investments, LP
c/o Mr. Alexander Stuart
150 North Field Drive, Suite 100
Lake Forest, IL 60045

Real Retail, RST LLC
Attn: Jennifer Seversen
1725 Westlake, Ste. 210
Seattle, WA 98109

RMC Architects
Attn: Jeff McClure
1223 Railroad Ave.
Bellingham, WA 98225

Robert Meers
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, IL 60611

Ronald J. Thauer
440 S. LaSalle Street
20th Floor
Chicago, IL 60605

Shawgate Market MFB, LLC
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, IL 60611

The CWD Group, Inc.
Attn: Marshall Johnson
2500 W. Commodore Way, Ste. 2
Seattle, WA 98199

The Port of Everett
Attn: Executive Director
PO Box 538
Everett, WA 98206

Three Sons Asset Management, LLC
c/o Mr. Ronald Thauer
440 S. LaSalle St., 20th Floor
Chicago, IL 60605

Williams Marketing, Inc.
Attn: Leslie Williams
111 Queen Anne Ave. N., Ste 510
Seattle, WA 98109

Yachting Magazine
Time 4 Media
3822 Paysphere Circle
Chicago, IL 60674

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EVERETT MARITIME, LLC, | ) | Case No. 09-18224 |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | Jude Sonderby |
| | ) | |
| | ) | |

### NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on July 26, 2011, Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motion"), requesting the sum of $172,494.00 for legal services rendered to the Debtor for the period commencing April 27, 2009 through and including April 30, 2011, plus costs advanced for the same period in the sum of $5,674.48.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **22nd day of August, 2011**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Susan Pierson Sonderby, Bankruptcy Judge, Courtroom No. 642, 219 South Dearborn Street, Chicago, Illinois, on the **24th day of August, 2011**, at the hour of **10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED:

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Scott R. Clar, Esq. (Atty. No. 06183741)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    )        Chapter 7
                                          )
EVERETT MARITIME, LLC,                    )        Case No. 09-18224
                                          )
        Debtor/Debtor-in-Possession.      )        Jude Sonderby
                                          )
                                          )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:   <u>June 10, 2009</u>  (Retroactive to May 20, 2009)

Period for Which Compensation
is Sought:   From: <u>April 27, 2009</u>  through <u>April 30, 2011</u>

Amount of Fees Sought: <u>$172,494.00</u>

Amount of Expense
Reimbursement Sought:  <u>$5,674.48</u>

This is a(n):  Interim Application  __   Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior
fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| None | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and
expenses herein is: None except for pre-petition retainer of $40,000.00.

Date:

                                          David K. Welch and the firm

                        Applicant:   <u>Crane, Heyman, Simon, Welch & Clar</u>


                                          By: <u>/s/David K. Welch</u>
                                               Debtors Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EVERETT MARITIME, LLC, | ) | Case No. 09-18224 |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | Jude Sonderby |
| | ) | |
| | ) | |

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR ("CHSWC"), Counsel to EVERETT MARITIME, LLC, Debtor herein, make their motion pursuant to Section 330 of the Bankruptcy Code for allowance of final compensation and reimbursement of expenses for legal services rendered during this bankrutpcy case; and in support thereof, state as follows:

**Introduction**

1.      On May 20, 2009, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtor operated its business and managed its financial affairs as Debtor-in-Possession through the date of conversion of its Chapter 11 case to a proceeding under Chapter 7 of the Bankruptcy Code.  No trustee or examiner was appointed to serve in this Chapter 11 case.  However, an official committee of unsecured creditors ("Committee") was appointed and was actively represented by Counsel.

3.      On June 10, 2009, this Court entered an Order authorizing the Debtor to retain CHSWC as its Counsel in this Chapter 11 case, retroactive to May 20, 2009, with compensation subject to the further Order of this Court.  CHSWC has served continuously as Debtor's Counsel since the entry of the retention Order by this Court.

-1-

4.      By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $172,494.00 and $5,674.48, respectively, for legal services rendered to the Debtor during the period April 27, 2009 through April 30, 2011.  CHSWC has received no prior allowances of interim compensation and reimbursement of expenses. However, CHSWC received an advance payment pre-petition retainer in the amount of $40,000.00 which will be credited against any allowance of final compensation made by this Court.   Itemizations of the legal services rendered and expenses incurred during the period April 27, 2009, through April 30, 2011, are attached to this Motion as **Exhibits A and B**, respectively.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A), (O).

6.      The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code and Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure.


**Relevant Factual Background**

7.      The Debtor and the Port of Everett ("Port")[1] were parties to an Amended and Restated Development and Master Option Agreement dated December 21, 2007 ("Agreement").  The Agreement, and the Debtor's rights thereunder, were the single most valuable asset in this Chapter 11 case.  Any possibility of a recovery for creditors in this Chapter 11 case was entirely dependent upon the Debtor realizing the value(s) inherent in the Agreement.

8.      Pursuant to the Agreement, the Debtor was to supervise and manage the design, budgeting, development and construction of a mixed use commercial, residential

---

[1]The Port owns certain real property located in the City of Everett, Washington.

and maritime development on 65 acres of waterfront in Everett, Washington which is commonly referred to as the Port Gardner Wharf (the "Project").

9.    The overall cost of the development of the Project was estimated at between approximately $400,00,000.00 to $600,000,000,00.  As of the filing of this Chapter 11 case, the Debtor had already invested approximately $16,200,000.00 plus accrued interest in the Project and had incurred liabilities to vendors in excess of approximately $1,800,000.00 in fulfilling its obligations under the Agreement to develop, market and construct the Project.

10.    The funding of the first phase of the Project was to be provided by Merrill Lynch Capital ("MLC") as first construction lender and GE Asset Management ("GE") as mezzanine construction lender in the aggregate approximate amount of $73,300,000.00. On September 14, 2007, MLC withdrew its proposed first construction loan (as it did with virtually all of its unfunded projects due to its own financial distress) thereby rendering the proposed mezzanine construction loan from GE unavailable.

11.    The Debtor promptly informed the Port of the loss of the financing for the Project.  The Debtor attempted (and continues to attempt) to garner replacement financing and/or additional capital for the Project.  After the loss of the financing from MLC and GE, the Port and the Debtor continued with the Project by completing substantial revisions to the Agreement which was signed by the parties on December 21, 2007.  Pursuant to this revised Agreement, effective January 1, 2008, the Debtor waived its right to be reimbursed as much as $7,000,000.00 in pre-development costs by the Port.  In turn, the Port agreed to proceed with $6,800,000.00 worth of roadway and sewer construction at the Project sight.

12.    Under the Agreement, the Port asserted a claim in the amount of $1,089,758.39 ("Payment") to be due and payable from the Debtor on April 30, 2009.  The Debtor was financially incapable of making the Payment.  Notably, however, months prior

-3-

to the due date for the Payment, the Debtor informed the Port that it was unlikely that the Debtor could make the Payment when due. The Debtor then became engaged in extensive negotiations with the Port to reach a mutually acceptable alternative to the Payment, which negotiations continued until less than two weeks before the Payment was due.

13.    On May 1, 2009, the Port sent a Notice of Default ("Default Notice") to the Debtor demanding that the Payment be made within thirty (30) days or, presumably, the Agreement would be terminated by the Port. The Debtor attempted to resolve the issues with the Port relating to the Default Notice. However, when it became clear that the Port was insisting on a cure of the default within thirty (30) days, the Debtor commenced the Chapter 11 case in order to preserve the significant value of the Agreement for the benefit of the Debtor's creditors that are collectively owed in excess of $21,000,000.00, exclusive of the Port. Simply put, the only hope that any creditor of the Debtor, except the Port, had of being paid was entirely dependent upon the preservation of the Agreement and the Debtor's rights thereunder.

14.    On August 4, 2009, weeks after the filing of this Chapter 11 case, the Port filed a Motion to Change Venue ("Venue Motion") and Motion to Prohibit or Condition Assumption of Amended and Restated Development and Master Option Agreement ("Prohibit Motion").

15.    In the Venue Motion, the Port sought to transfer the Chapter 11 case to the Bankruptcy Court in the Western District of Washington. The Debtor and other creditors opposed the relief sought by the Port in the Venue Motion. This Court denied the relief requested by the Port in the Venue Motion.

16.    In the Prohibit Motion, the Port sought a declaration from this Court that the Agreement was not an executory contract as well as a series of other alternative relief

-4-

should this Court determine that the Agreement is an executory contract. The Debtor and other creditors also opposed the relief sought by the Port in the Prohibit Motion.

17.     The Debtor and the Port resolved this issues in the Prohibit Motion. However, the Port then filed a second motion seeking to establish the amount of the 2009 master option consideration payment under the Agreement ("Second Prohibit Motion"). In opposing the Second Prohibit Motion, the Debtor also filed a Complaint For Breach of Contract And Declaratory and Injunctive Relief against the Port ("Complaint"). The Committee supported the Debtor in its opposition to the Second Prohibit Motion and in its prosecution of the Complaint.

18.     After extensive discovery and a trial, this Court denied the relief sought by the Debtor in the Complaint. Based upon this ruling, the Debtor consented to conversion of its Chapter 11 case to a proceeding under Chapter 7 of the Bankruptcy Code.

19.     Other events have occurred during the course of this Chapter 11 case which are detailed later in this Motion.

**Final Compensation
and Expenses Requested**

20.     CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy and insolvency. CHSWC is comprised of six (6) members and one (1) associate, some of whom have participated in representing the Debtor in this bankruptcy case.

21.     The following is biographical information pertaining to those attorneys who have been primarily involved in the representation of the Debtor. Other attorneys at CHSWC have also participated to a lesser extent in this Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy and litigation matters.

22.     DAVID K. WELCH is a member of the law firm and has been practicing

-5-

law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

23.     ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state courts of Illinois,  in the United States Court of Appeals for the Seventh Circuit, and in the United States District Courts for the Northern and Central Districts of Illinois, the

Eastern District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy and insolvency litigation and has represented virtually every type of party in such matters, including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors' committees. His activities have included membership in the Chicago Bar Association Committee on Bankruptcy and Reorganization. He has served as the Editor of the Advance Sheets provided by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

24. JEFFREY C. DAN is a member of the law firm and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy litigation as well as State Court litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District Courts for the Northern and Central Districts of Illinois, Northern District of Indiana, and the Eastern District of Wisconsin, and is a member of the Federal Trial Bar.

-7-

25.   The hourly rates usually charged by CHSWC in matters of this nature are as follows:

| Attorney | 2009 Hourly Rate | 2010 Hourly Rate | 2011 Hourly Rate |
|---|---|---|---|
| Eugene Crane (EC)[2] | $465.00 | $475.00 | $485.00 |
| Glenn R. Heyman (GRH) | $465.00 | $475.00 | $485.00 |
| Arthur G. Simon (AGS) | $425.00 | $435.00 | $450.00 |
| David K. Welch (DKW) | $425.00 | $435.00 | $450.00 |
| Scott R. Clar (SRC) | $425.00 | $435.00 | $450.00 |
| Jeffrey C. Dan (JCD) | $325.00 | $350.00 | $375.00 |
| John H. Redfield (JHR) | | | $360.00 |

26.   The following is a chart that depicts the total hours that each attorney at CHSWC expended in representing the Debtor during the relevant period:

| Attorney | Hours | Amount |
|---|---|---|
| Eugene Crane | 1.40 | $      665.00 |
| Glenn R. Heyman | .70 | $      332.50 |
| Arthur G. Simon | 85.60 | $  36,851.00 |
| David K. Welch | 298.20 | $128,045.50 |
| Jeffrey C. Dan | 16.90 | $    5,710.00 |
| John H. Redfield | 2.50 | $      890.00 |
| **Total** | 405.30 | $172,494.00 |

27.   During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $5,674.48.  These expenses are itemized on **Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

28.   The representation of the Debtor is categorized in this Motion as follows:

A.   **General Administration**

The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing routine motions and filing professionals' fee applications.   Also included in this category are legal services related to

---

[2] These are the abbreviations utilized in the Exhibits to this Motion.

-8-

responding to general creditor inquiries and assisting the Debtor with its monthly operating reports.

**Total Time Expended**                                      **23.40    hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon (AGS) | 0.80 | $    340.00 |
| Eugene Crane (EC) | 0.50 | $    237.50 |
| David K. Welch (DKW) | 14.60 | $ 6,231.50 |
| Jeffrey C. Dan (JCD) | 6.0 | $ 1,950.00 |
| John H. Redfield (JHR) | 1.50 | 540.00 |
| **TOTAL** | **23.40** | **$9,299.00** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

B.     **Chapter 11 Strategy**

CHSWC regularly advised the Debtor of its options and obligations in the Chapter 11 case.  Exclusivity was maintained throughout the Chapter 11 proceeding.  The possibility of an effective Chapter 11 exit strategy was continuously analyzed.

**Total Time Expended**                                      **20.10 hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon (AGS) | 1.0 | $   287.00 |
| David K. Welch (DKW) | 17.60 | 7,480.00 |
| Jeffrey C. Dan (JCD) | 1.50 | 487.50 |
| **TOTAL** | **20.10** | **$8,392.50** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

C.     **Port Project Issues**

The Agreement and the Debtor's rights and obligations thereunder were the most important issues in the Chapter 11 case.  CHSWC analyzed the Agreement and advised the Debtor with respect to its obligations and rights. Significant legal services were rendered relating to the 2008 and 2009 master option consideration payment.

-9-

**Total Time Expended**                      **31.60  hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 28.20 | $12,236.00 |
| Arthur G. Simon | 3.20 | 1,360.00 |
| Jeffrey C. Dan | 0.20 | 2,784.00 |
| **TOTAL** | **31.60** | **$13,661.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

    D.      **Litigation With Port**

The litigation with the Port centered on the 2008 and 2009 master option consideration payments under the Agreement and the Debtor's request for injunctive relief. The Port and the Debtor conducted extensive discovery and participated in the trial before this Court.

**Total Time Expended**                      **320.20 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 80.60 | $ 34,726.00 |
| Eugene Crane | 0.90 | $    427.50 |
| Glenn R. Heyman | 0.70 | $    332.50 |
| David K. Welch | 228.80 | $ 98,192.00 |
| Jeffrey C. Dan | 9.20 | $   3,207.50 |
| **TOTAL** | **320.20** | **$136,885.50** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

    E.      **Northside Bank**

Northside Bank was the Debtor's sole secured creditor. CHSWC analyzed the Bank's loan and security documents and advised the Debtor with respect to such matters.

| Total Time Expended | | 2.10 hours |
|---|---|---|
| Attorney | Hours | Amount |
| David K. Welch | 2.10 | $ 895.50 |
| **TOTAL** | **2.10** | **$ 895.50** |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

F.  **Conversion Related Issues**

After this Court's ruling denying the Debtor's request for injunctive relief against the Port, the Debtor consented to the conversion of the Chapter 11 case to a proceeding under Chapter 7 of the Bankruptcy Code.  CHSWC and the Debtor have cooperated with the Trustee in the administration of this Chapter 11 case.

| Total Time Expended | | 7.90 hours |
|---|---|---|
| Attorney | Hours | Amount |
| David K. Welch | 6.90 | $3,010.50 |
| John H. Redfield | 1.00 | $  350.00 |
| **TOTAL** | **7.90** | **$ 3,360.50** |

Attached to this Motion as **Exhibit H** is an itemization of the legal services rendered in this category.

**Conclusion**

29.    Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity.  The sole and exclusive source of compensation shall be funds of the Debtor's estate.

30.    CHSWC asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services.  CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is

comparable to the cost of similar services in matters other than under the Bankruptcy Code.

31.     CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

32.     CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, pray for the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $172,494.00 and $5,674.48, respectively; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

DAVID K. WELCH, and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR

By:___/s/David K. Welch_____

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Scott R. Clar, Esq. (Atty. No. 06183741)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777

-12-