# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| EVERETT MARITIME, LLC, | ) | Case No. 09 B 18224 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on August 24, 2011 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Susan Pierson Sonderby, Bankruptcy Judge, in the room usually occupied by her as courtroom 642 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the **Final Fee Application of Baker & Daniels LLP As Counsel to the Official Committee of Unsecured Creditors**, a copy of which is attached hereto and herewith served upon you, and shall request the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/ Scott A. Semenek
Scott A. Semenek (Atty. No. 6209999)
Baker & Daniels LLP
311 South Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: (312) 212-6500
scott.semenek@bakerd.com

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS )
                 )
COUNTY OF COOK   )

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 29th day of July, 2011.

/s/ Scott A. Semenek

BDDB01 6794691v1

## SERVICE LIST

Denise A. DeLaurent*
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604

David K. Welch*
Crane Heyman Simon Welch &
Clar
135 S. LaSalle Street
Suite 3705
Chicago, IL 60603
*Counsel to the Debtor*

Lauren N. Nachinson*
Quarles & Brady
300 N. LaSalle Street
Suite 4000
Chicago, IL 60654
*Counsel to Northside Community Bank*

Craig E. Reimer*
Mayer Brown LLP
190 South LaSalle Street
Chicago, IL 60603
*Counsel to RDS Investments, LP*

Patrick F. Hussey*
Anderson Hunter Law Firm, P.S.
2707 Colby Avenue
Suite 1001
Everett, WA 98201
*Counsel to The Port of Everett*

Matthew E. McClintock*
K&L Gates LLP
70 W. Madison Street
Suite 3100
Chicago, IL 60602-4207
*Counsel to The Port of Everett*

Richard M. Kremen*
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600

Robert B. Katz*
Law Offices of Robert B. Katz
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604

Ira P. Goldberg*
DiMonte & Lizak LLC
216 Higgins Road
Park Ridge, IL 60068

Albert Meers
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, Illinois 60611

Anderson Hunter Law Firm P.S.
Attn: Bradford Cattle
2707 Colby Ave., Suite 1001
Everett, WA 98201

AWA Electrical Consultant
190015 36th Avenue
Suite E
Lynnwood, WA 98036

GGLO*
Attn: Alan Grainger
1310 First Ave., Suite 301
Seattle, WA 98101

Don Fleming
1729 Center Street
Walla Walla, WA 99362

Hoffman Construction Co.*
Attn: Thomas Petersen
1505 Westlake Ave.
North, Suite 500
Seattle, WA 98109

Fikso Kretschmer Smith
Attn: Matthew Smith
2025 First Ave., Suite 1130
Seattle, WA 98121

Kosnick Engineering*
Attn: Dan Kosnick
10511 19th Ave., SE
Everett, WA 98208

Clifton Gunderson LLP
Attn: David North
301 SW Adams St., #900
POB 1835
Peoria, IL 61656

Landau Associates*
Attn: Larry Beard
130 2nd Ave. South
Edmonds, WA 98020

Methodologie*
Attn: Janet DeDonato
720 Third Ave., Suite 800
Seattle, WA 98104

Shawgate Market MFB, LLC
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, IL 60611

Parson Brinckerhoff Inc.
PB Americas Inc.
PO Box 51615
Los Angeles, CA 90051

Williams Marketing, Inc.
Attn: Leslie Williams
111 Queen Anne Ave., N. Ste 510
Seattle, WA 98109

Barclay Dean
P. O. Box 3827
Bellevue, WA 98009

Deborah McDowell
c/o Broadacre Mgmt. Co.
505 E. Illinois Street, Suite One
Chicago, Illinois 60611

Company 39
Attn: Andrea Barry
1660 Lincoln St., Suite 2400
Denver, CO 80264

Flat Iron Capital
950 17th Street
Denver, CO 80202

Foster Pepper
Attn: Gary Ackerman
1111 Third Ave., Suite 3400
Seattle, WA 98101

Mithun
Pier 56
1201 Alaskan Way
Seattle, WA 98101

The CWD Group, Inc.
Attn: Marshall Johnson
2600 W. Commodore Way
#2
Seattle, WA 98199-1279

Three Sons Asset
Management, LLC
c/o Mr. Ronald Thauer
440 N. LaSalle St., 20th Flr.
Chicago, IL 60605

Robert Meers
c/o Broadacre Mgmt. Co.
505 E. Illinois Street, Suite One
Chicago, IL 60611

Carmel & Carmel PC
Attn: Frank Carmel
5301 Wisconsin Ave. NW
Suite 570
Washington, DC 20115-2061

DLA Piper US LLP
Attn: Dennis Wilson
203 N. LaSalle St., Suite 1800
Chicago, IL 60601

Cushman Wakefield
1420 Fifth Avenue #2900
Seattle, WA 98101

Glumac
1325 Fourth Avenue, Ste. 1515
Seattle, WA 98101

RMC Architects
Attn: Jeff McClure
1223 Railroad Ave.
Bellingham, WA 98255

Ronald J. Thauer
440 S. LaSalle Street, 20th Flr.
Chicago, IL 60605

The Port of Everett
Attn: Executive Director
PO Box 538
Everett, WA 98206

RDS Investments, LP
c/o Mr. Alexander Stuart
150 North Field Drive, Suite 100
Lake Forest, IL 60045

Francis Freeman
1427 W. Henderson Street
Chicago, IL 60657

CJBS
Attn: Jacques Preis
108 Wilmot Road, Suite 330
Deerfield, IL 60015

Fidel L. Lopez
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, IL 60611

David Evans & Associates
1620 W. Marine View Drive
Suite 200
Everett, WA 98201

Greenbusch Group, Inc.
1900 W. Nickerson St.
Suite 201
Seattle, WA 98119

Hendricks and Lewis
999 Third Avenue
Suite 2675
Seattle, WA 98104

Melissa J. Copley
1427 W. Henderson St.
Chicago, Illinois 60657

Olympic Reprographics
2730 Occidental Ave. South
Seattle, WA 98134

Shawgate Market MFB, LLC
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, Illinois 60611

Maritime Trust, Inc.
c/o Broadacre Mgmt. Co.
505 E. Illinois St., Suite One
Chicago, Illinois 60611

Morrison Hershfield
10900 NE 8th Street
Suite 810
Bellevue, WA 98004

OnShore Networks, LLC
Attn: Setl Valavanis
1407 West Chicago Avenue
Chicago, IL 60622

The Port of Washington
2911 Bond St., Suite 202
Everett, WA 98206

McCullough Hill PS
Attn: Jack McCullough
701 Fifth Ave., Suite 7220
Seattle, WA 98104

Northside Community Bank
Attn: James Sefton
5103 Washington St.
Gurnee, IL 60031

Real Retail, RST LLC
Attn: Jennifer Seversen
1725 Westlake, Ste. 210
Seattle, WA 98109

Yachting Magazine
Time 4 Media
3822 Paysphere Circle
Chicago, Illinois 60674

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| EVERETT MARITIME, LLC, | ) | Case No. 09 B 18224 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |

## NOTICE OF HEARING ON APPLICATION FOR
## ALLOWANCE OF FINAL COMPENSATION TO COUNSEL
## FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**TO ALL CREDITORS AND PARTIES OF INTEREST:**

PLEASE TAKE NOTICE that on July 29, 2011, Baker & Daniels LLP, counsel for the Official Committee of Unsecured Creditors, file an Application for Allowance of Compensation for Services Rendered as Counsel to The Official Committee of Unsecured Creditors (the "B&D Motion"), requesting the sum of $45,809.00 for legal services rendered to the Debtor for the period commencing September 2, 2009 through and including July 27, 2011.

PLEASE TAKE FURTHER NOTICE that any person objecting to B&D's Motion is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m. on the **22nd day of August, 2011**, with a copy of said objection(s) to be simultaneously served upon Scott A. Semenek, Baker & Daniels LLP, 311 South Wacker Drive, Suite 4400, Chicago, Illinois 60606.

PLEASE TAKE FURTHER NOTICE that a hearing on the B&D Motion, together with objections timely filed, if any, will be held before the Honorable Susan Pierson Sonderby, Bankrupcy Judge, Courtroom No. 642, 219 S. Dearborn Street, Chicago, Illinois, on the **24th day of August, 2011**, at the hour of **10:00 a.m.**, at which time and place you may appear if you so see fit.

Dated: July 29, 2011

**DEBTOR'S COUNSEL:**

Scott A. Semenek (Atty. No. 6209999)
Baker & Daniels LLP
311 South Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: (312) 212-6500
Facsimile: (312) 212-6501

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EVERETT MARITIME, LLC, | ) | Case No. 09-18224 |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | Judge Sonderby |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant: Baker & Daniels LLP

Authorized to Provide Professional Services to: Official Committee of Unsecured Creditors

Date of Order Authorizing Employment: September 8, 2009 (Retroactive to September 2, 2009)

Period for Which Compensation
is Sought: From September 2, 2009 through July 27, 2011

Amount of Fees Sought: $45,809.00

Amount of Expense Reimbursement Sought: 0

This is an: Interim Application _____ Final Application __X__
If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| None | | | |

Date: July 29, 2011        Applicant:   Scott A. Semenek and the firm
                                        Baker & Daniels LLP

                            By:   /s/ Scott A. Semenek
                                  Counsel to The Official
                                  Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| EVERETT MARITIME, LLC, | ) Case No. 09 B 18224 |
| | ) |
| Debtor. | ) Honorable Susan P. Sonderby |
| | ) |
| | ) Hearing Date: August 24, 2011 |
| | )    Time: 10:00 a.m. |
| | )    Place: Room 642 |

**FINAL FEE APPLICATION OF BAKER & DANIELS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EVERETT MARITIME, LLC.**

Baker & Daniels LLP ("**BD**" or the "**Applicant**"), counsel to The Official Committee of Unsecured Creditors of Everett Maritime, LLC ("**Committee**"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code and Rule 5082-1 of the Bankruptcy Rules for the United States District Court and the United States Bankruptcy Court For the Northern District of Illinois (the "**Local Rules**"), submits this Final Fee Application (the "**Application**") for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period from September 2, 2009 through and including July 27, 2011 (the "**Application Period**") and respectfully requests that this Court enter an order awarding BD final compensation of $45,809.00 for professional services rendered to the Committee. In support of the foregoing request, Applicant states as follows:

**I.    COMMENCEMENT OF CASE: JURISDICTION**

1.    On May 20, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remained in possession of its assets

BDDB01 6792893v1

and continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108 until December 8, 2010, when this Court converted this Case to a case under Chapter 7 of the Bankruptcy Code.

2. On July 31, 2009, the Office of the United States Trustee for the Northern District of Illinois appointed a statutory committee of unsecured creditors. The Committee is comprised of the following five (5) creditors: (i) GGLO, LLC, (ii) Hoffman Construction Co., (iii) Methodologie, (iv) Kosnick Engineering, and (v) Landau Associates. Mr. Thomas Peterson of Hoffman Construction was elected Chairman of the Committee by due action of the full Committee.

3. This Court has jurisdiction over the Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

4. The statutory bases for the relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## II.   BD'S RETENTION; NO PRIOR FEE REQUESTS

5. On September 8, 2009, this Court entered that certain Order Authorizing and Approving the Employment of Baker & Daniels LLP as Counsel to the Official Committee of Unsecured Creditors of Everett Maritime LLP, Retroactive to September 2, 2009 (Docket No. 59).

6. This is BD's first and final fee request. As previously stated, BD seeks approval and entry of an order authorizing and allowing interim compensation of $45,809.00 for work performed as Counsel to the Committee during the Application Period. BD is not seeking reimbursement for any expenses incurred during the Application Period.

### III. NOTICE; CASE STATUS

7. BD has served this Notice and Application upon: (i) counsel to the Debtor; (ii) counsel to the Secured Lender, Northside Community Bank; (iii) the Office of the U.S. Trustee; (iv) The Chapter 7 Trustee; (v) counsel to the Chapter 7 Trustee; (vi) counsel to the Port, (vii) each member of the Committee; and (viii) other parties who requested service. Notice and Application was also served electronically upon those entities having requested notices in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Notice of the hearing has been sent to all creditors pursuant to Rule 2002. BD submits that such notice is appropriate and proper.

### IV. NATURE OF LEGAL SERVICES PERFORMED BY BD

8. BD has served as counsel to the Committee at all times during this case and BD attorneys have devoted substantial time to numerous and complex legal matters. All services and costs for which compensation is requested by BD in this Application were reasonable and necessary and were performed for and on behalf of the Committee, and not for or on behalf of any other person.

9. All of the professional services that BD rendered to the Committee during the Application Period are set forth in detail in Exhibit "A" through Exhibit "C," segregated according to project billing categories pursuant to Local Rule 5082-1, as described below.

    A.    **Case Administration – 0001**
(Total Hours: 13.10, Total Fees: $6,222.50)

10. During the Application Period, BD attorneys prepared and presented an Application to be retained as counsel, attended a hearing regarding the Debtor's request to retain a financial consultant, and conducted and participated in regular meetings and teleconferences with the Committee, the Debtor, and the Port regarding all aspects of this case. BD professionals

reviewed all filed pleadings, reviewed correspondence, memoranda, settlement proposals, term sheets and agreements in order to have meaningful discussions regarding these matters during conference calls with the Committee and keep the Committee, numerous creditors and other parties-in-interest aware of the status of pending issues in this case. BD attorneys provided status updates to the Committee on issues ranging from settlement negotiations regarding the Port Litigation, as well as claims issues. BD attorneys also prepared agendas and summaries as necessary in order to facilitate meetings and conference calls with both the Debtor and Committee.

11. In connection with the foregoing, BD attorneys expended 13.10 hours for which BD seeks compensation of $6,222.50. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibit "A." A general breakdown is as follows:

| **Name** | **Hours** | **Value** |
|---|---|---|
| Scott Semenek | 13.10 | $6,222.50 |
| **Total** | **13.10** | **$6,222.50** |

**B.    Port Litigation – 0002**
(Total Hours: 74.50;   Total Fees: $33,791.50)

13. During the Application Period, BD attorneys drafted and argued an opposition to the Port's Motion to Change Venue, analyzed pleadings and related documents, engaged in settlement discussions, and attended depositions and numerous hearings regarding the extensive litigation between the Debtor and the Port related to the Development Agreement, including the Port's Motion to Bar or Condition Assumption of the Development Agreement, the Debtor's Motion to Assume an Oral Lease, the Port's Motion to Approve Calculation of the 2009 Master Option Consideration Payment, the Port's Motion to Enforce Agreed Order regarding the 2009 Master Option Consideration Payment, and the Debtor's Complaint and Motion to Enjoin the

Port from Terminating the Development Agreement. The Committee joined with the Debtor in opposing much of the relief sought by the Port.

14. In connection with the foregoing, BD attorneys expended 74.50 hours for which BD seeks compensation of $33,791.50. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibit "B." A general breakdown is as follows:

| Name | Hours | Value |
|---|---|---|
| Scott Semenek | 61.20 | $29,070.00 |
| Mark Werling | 13.30 | $ 4,721.50 |
| **Total** | **74.50** | **$33,791.50** |

C. **Conversion Litigation –**
(Total Hours: 12.20;   Total Fees: $5,795.00)

15. During the Application Period, BD attorneys drafted and presented (a) an Objection to the Debtor's Motion to Dismiss its Case and (b) a Motion to Convert the Debtor's Chapter 11 Case to a Case Under Chapter 7. The Committee's efforts were successful and this Court entered an Order Converting the Debtor's Case to a Chapter 7 Case on December 8, 2010.

16. In connection with the foregoing, BD attorneys expended 12.20 hours for which BD seeks compensation of $5,795.00. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibit "C." A general breakdown is as follows:

| Name | Hours | Value |
|---|---|---|
| Scott Semenek | 12.20 | $5,795.00 |
| **Total** | **12.20** | **$5,795.00** |

V. **APPLICABLE LEGAL STANDARDS AND CRITERIA**

17. Section 330 of the Bankruptcy Code provides, in relevant part:

> (a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103 –

    (A)    reasonable compensation for actual, necessary services rendered by . . . such person; and

    (B)    reimbursement for actual, necessary expenses.

18.    Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."

\* \* \*

. . . services performed by attorneys representing debtors must produce a benefit to the estate in order to be fully compensable from the estate.

In re Grabill Corp., 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted

In assessing the reasonableness of attorneys' fees under section 330, Judge John H. Squires of the Bankruptcy Court for the Northern District of Illinois considered the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.)

19.    Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the

reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

In re Boston and Maine Corporation, 776 F.2d, 10 (1st Cir. 1985) (quotations and citations omitted). The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. See Steinlauf v. Continental Illinois Corp. (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."). Similarly, as one Court has reasoned, "the attorney/client relationship [i]s one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." In re Famisaran, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

## VI. APPLICATION OF RELEVANT CRITERIA AND STANDARDS TO THIS COMPENSATION REQUEST

20. In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by BD, the reasonableness of the services rendered and the results achieved. All of the services performed by BD were required for the proper representation of the Committee in this case, to the extent necessary, were

authorized by the Court and were performed by BD at the request and direction of the Committee. Pursuant to Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of BD's services are compensable.

21. The amount of services rendered by BD was reasonable in light of the complexity of the issues involved in this case. BD attorneys allocated responsibilities among attorneys at BD to minimize possible duplication of efforts. Compensation is sought for participation in one task by more than one attorney of BD only in instances where joint participation was necessary because of the significant impact of a particular hearing or meeting, the complexity of the problems involved, the magnitude of the work to be performed, and the specialization required or the need to preserve a continuity of representation. In a case of this magnitude and complexity, it is often more economical and sometimes necessary for multiple attorneys to attend a meeting or hearing to facilitate communication of information than to relay the information from attorney to attorney. In similar situations, such representation has been approved. See, e.g., Berberana v. Coler, 753 F.2d 629, 631 (7th Cir. 1985).

22. The experience and expertise in bankruptcy cases and the quality of the services brought to this case by BD further supports the requested compensation. This law firm has charged the estate the normal and customary hourly rates for similar services rendered in like circumstances to other clients. Furthermore, the rates at which BD seeks compensation are its standard hourly rates. The rates are comparable to the rates charged by other practitioners of similar experience, competence and standing in the community.

23. BD submits that its hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for

comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of BD in this case, and the risk of non-payment.

## VII. STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

24. No agreement exists between BD and any third party for the sharing of compensation received by BD in this case, except as allowed by the exceptions set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of BD.

25. During the Application Period, BD devoted 99.80 hours to represent the Committee with respect to categories (A) – (C) above, and provided the Committee with actual and necessary legal services worth a total of $45,809.00.

26. A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 502-1, is attached hereto as Exhibit "A" through Exhibit "C".

27. Attached hereto as Exhibit "D" is the Affidavit of Scott A. Semenek attesting to, among other things, the accuracy of the information set forth in Exhibits "A" through "C" of this Application.

28. The following is a biographical sketch (including billing rates) of each professional whose time is reflected in Exhibit "A" through Exhibit "C" of this Application:

> Scott A. Semenek is of counsel to Baker & Daniels. He is a graduate of the Northwestern University School of Law (J.D. 1992) and the University of Wisconsin (B.B.A. 1989). He has been admitted to practice law in the state courts of Illinois and the United States District Courts for the Northern and Central Districts of Illinois. He has practiced in the areas of bankruptcy, insolvency and creditors rights since 1992. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured

creditors and equity holders. He has lectured before the Chicago Bar Association Committee on Commercial Finance and Transactions and has published articles in the American Bankruptcy Institute Journal and the Bankruptcy Developments Journal.

Mark Werling was formerly an associate with Baker & Daniels. He is a graduate of Indiana University Law School (J.D. 1997) and Indiana University (B.S. 1993). He has practiced in the areas of litigation and creditors rights since 1997. He is a member of the state bar of Indiana, the District Courts for the Northern and Southern Districts of Indiana, and the Court of Appeals for the Seventh Circuit. He been a frequent contributor to the ABA's Annual Review of Developments in Business and Corporate Litigation and a panelist at seminars on commercial litigation and restructuring topics at meetings of the ABA Business Section.

**WHEREFORE**, Baker & Daniels LLP, counsel for the Committee herein, respectfully requests that this Court enter an Order authorizing and approving:

A.  Final compensation in the amount of $45,809.00 incurred for actual, necessary and valuable professional services rendered to the Committee from September 2, 2009 through and including July 27, 2011; and

B.  Granting such other and further consistent relief as the Court may deem equitable and just.

Date:  July 29, 2011

Respectfully submitted,

**BAKER & DANIELS LLP**

By: /s/ Scott A. Semenek
Scott A. Semenek (Atty. No. 6209999)
Baker & Daniels LLP
311 South Wacker Drive, Suite 4400
Chicago, Illinois  60606
(312) 212-6500

*Counsel to the Official committee of*
*Unsecured Creditors of Everett Maritime LLC*